FILED
2022 APR 22 PM 1:55
IN SUPERIOR COURT
JEFFERSON COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF JEFFERSON

| | |
|---|---|
| LAWRENCE and SHANA HILL, a Washington marital community; UNITED SERVICES AUTOMOBILE ASSOCIATION, as subrogee of Lawrence and Shana Hill, a reciprocal inter-insurance exchange,<br><br>Plaintiff,<br><br>v.<br><br>GREPOW, INC., a California corporation,<br><br>Defendant. | No.: 22-2-00051-16<br><br>FIRST AMENDED COMPLAINT |

COME NOW Plaintiffs, Lawrence and Shana Hill, and United Services Automobile Association, as subrogee of Lawrence and Shana Hill, by and through the undersigned attorneys, and hereby allege and state the following Complaint against Defendant Grepow, Inc.:

I. **PARTIES**

1. The incident that forms the basis of this lawsuit is a fire that occurred on or about May 19, 2020 that originated at the home located at 81 Heinzinger Rd in Nordland, Washington (hereinafter "The Home").

FIRST AMENDED COMPLAINT - 1

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\57606493\1

COPY

2. At all relevant times, Plaintiffs Lawrence and Shana Hill were and are Washington residents and a marital community residing at 81 Heinzinger Rd in Nordland, Washington (hereinafter "The Home").

3. At all relevant times, Plaintiff United Services Automobile Association ("USAA") was and is a reciprocal inter-insurance exchange comprised of individual members, and is a citizen in each state that it has a member, including but not limited to Washington. At all times relevant, USAA was duly authorized to issue policies of insurance in the State of Washington, and insured The Home and personal property owned by the Hills in the event of fire or other casualty.

4. Upon information and belief, Defendant Grepow, Inc. was and is a California corporation, with its principal place of business located at 6681 Sierra Ln, Suite F, Dublin, California 94568. Upon information and belief, Defendant Grepow marketed and/or sold products to citizens and/or businesses in the State of Washington.

5. Upon further information and belief, at all times relevant, Defendant Grepow engaged in the manufacture and/or distribution and/or branding of lithium ion battery products, including those designed for use in consumer electronic products such as cordless vacuums.

## II. JURISDICTION AND VENUE

6. Plaintiffs reallege all preceding paragraphs as though fully set forth herein.

7. The incident that forms the basis of this lawsuit is a fire that occurred on or about May 19, 2020 that originated The Home.

8. Jurisdiction in this matter is proper under RCW 2.08.010 and RCW 4.28.185.

9. Venue in this matter is proper under RCW 4.12.025.

## III. FACTS

FIRST AMENDED COMPLAINT - 2

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\57606493\1

10. Plaintiff realleges all preceding paragraphs as though fully set forth herein.

11. On or about April 27, 2020, the Hills purchased a lithium ion battery described as a "TATTU V6 4000mAh Replacement Battery for Dyson V6 595 650 770 880..." on the website of Amazon.com, Inc. (e.g. amazon.com) (hereinafter "The Battery").

12. Upon information and belief, The Battery was manufactured and/or sold and/or branded by Defendant Grepow.

13. Upon information and belief, after receiving The Battery on May 5, 2020, the Hills inserted it into their Dyson-brand cordless vacuum and used this vacuum one time prior to May 19, 2020.

14. Lawrence Hill returned the subject vacuum (containing The Battery) into its wall-mounted bracket and charging system.

15. On or about May 19, 2020, a fire occurred at The Home (hereinafter "The Fire").

16. Subsequent investigation confirmed that The Fire was caused by a catastrophic failure of The Battery.

17. The Fire and resulting damages would not have occurred but for the defective design and/or defective manufacture of The Battery, along with Defendant's insufficient pre- and post-manufacture instructions and warnings associated with The Battery.

18. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial but currently estimated to be approximately $1,700,000.

   IV. **FIRST CAUSE OF ACTION: Strict Products Liability**

19. Plaintiffs reallege all preceding paragraphs as though fully set forth herein.

20. Plaintiffs are properly classified as "claimants" under RCW 7.72.010(5) for purposes of this lawsuit.

FIRST AMENDED COMPLAINT - 3

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1030
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\57606493\1

21. Grepow is properly classified as a "manufacturer" under RCW 7.72.010(2) because it designs, produces, makes, fabricates, constructs, or remanufactures The Battery before its sale to a user or consumer.

22. Grepow is properly classified as a "manufacturer" under RCW 7.72.010(2) because it holds itself out, through its trade name and/or brand name, as the manufacturer of The Battery.

23. Grepow is properly classified as a "manufacturer" under RCW 7.72.040(2) in the event that no solvent manufacturer is subject to service of process or a judgment cannot be enforced against any manufacturer.

24. Grepow is properly classified as a "product seller" under RCW 7.72.010(1) for purposes of this lawsuit.

25. The Battery is properly classified as a "relevant product" under RCW 7.72.010(3) for purposes of this lawsuit.

26. The "useful safe life" of The Battery had not expired at the time of The Fire, because The Fire occurred less than twelve years from the delivery of The Battery to the Hills.

27. The Battery manufactured, distributed, and/or sold by Grepow, was not reasonably safe in design in that the likelihood that The Battery would cause the damage complained of or similar damage and the seriousness of such injury outweighed the burden on Grepow to design its product in a manner that would have prevented the damage.

28. The Battery manufactured, distributed, and/or sold by Grepow, was not reasonably safe because adequate warnings or instructions were not provided with The Battery, and the likelihood that The Battery would cause the damage complained of or similar damage,

FIRST AMENDED COMPLAINT - 4

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1000
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\57606493\1

and the seriousness of such injury rendered Grepow's warnings or instructions, or lack thereof, inadequate, and Grepow could have provided warnings or instructions that would have been adequate.

29.  The Battery manufactured, distributed, and/or sold by Grepow, was not reasonably safe because adequate warnings or instructions were not provided with The Battery because Grepow or an otherwise prudent manufacturer should have learned about the danger connected with The Battery after it was manufactured, sold and/or distributed.

30.  The Battery manufactured, distributed, and/or sold by Grepow, was not reasonably safe in construction because when it left Grepow, The Battery deviated in some material way from Grepow's design specifications or performance standards, or deviated in some material way from otherwise identical units of the same product line.

31.  The Battery manufactured, sold and/or distributed by Grepow, was not reasonably safe because an ordinary consumer does not contemplate that using such a product in a foreseeable manner will cause a fire and thereby cause substantial property damage.

32.  Defendant Grepow is strictly liable under RCW 7.72.030 for the damages alleged herein because the damages were proximately caused by the fact that The Battery was not reasonably safe in its construction, and/or was defectively designed, and/or because Grepow failed to issue warnings with The Battery that would have prevented the previously described fire from occurring.

33.  Defendant Grepow is strictly liable under RCW 7.72.030 as the manufacturer of The Battery.

FIRST AMENDED COMPLAINT - 5

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1000
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\57606493\1

34. Defendant Grepow is strictly liable under RCW 7.72.030(1) and RCW 7.72.040(1) because The Fire was proximately caused by Grepow's negligence.

35. Defendant Grepow is strictly liable under RCW 7.72.040(2) in the event that no solvent manufacturer is subject to service of process.

36. Defendant Grepow is strictly liable under RCW 7.72.040(2) because if Grepow did not manufacture The Battery, it is highly probable that Plaintiff would be unable to enforce a judgment against any manufacturer.

37. Defendant Grepow is strictly liable under RCW 7.72.040(2) because Grepow provided the plans or specifications for the manufacture or preparation of The Battery and such plans or specifications were a proximate cause of the defect in The Battery.

38. Defendant Grepow is strictly liable under RCW 7.72.040(2) because The Battery was marketed under Grepow's trade name and/or brand name.

39. As a result of Grepow's conduct or lack of conduct, Plaintiffs incurred damages and losses in an amount to be proven at trial but currently estimated to be approximately $1,700,000.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant Grepow, Inc. as follows:

1. For damages to property in an amount to be proven at the time of trial;

2. For the full amount of interest allowed by law, including all prejudgment interest up until the time judgment is rendered herein;

3. For Plaintiffs' costs and expenses incurred herein;

4. For reasonable attorneys' fees as allowed by law; and

FIRST AMENDED COMPLAINT - 6

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1000
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\57606493\1

5. For such other and further relief as the Court deems just and equitable in the circumstances.

DATED this 20th day of April, 2022.

BRESKIN JOHNSON TOWNSEND, PLLC

s/ Roger Townsend
Roger M. Townsend, WSBA #25525
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206) 652-8660
rtownsend@bjtlegal.com
Attorneys for LAWRENCE and SHANA HILL

COZEN O'CONNOR

s/ Kyle A. Farnam
Kyle A. Farnam, WSBA No. 40596
Attorneys for Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION

FIRST AMENDED COMPLAINT - 7

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1000
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\57606493\1